IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| THOMAS H. CROWDER, JR., ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| ) | No. CIV-17-54-R |
| v. ) | |
| ) | |
| TRACY McCOLLUM, Warden, ) | |
| ) | |
| Respondent. ) | |

REPORT AND RECOMMENDATION

Petitioner, a state prisoner appearing *pro se*, filed this action seeking habeas corpus relief under 28 U.S.C. § 2254. The matter has been referred to the undersigned Magistrate Judge for initial proceedings consistent with 28 U.S.C. §636(b)(1)(B). Pursuant to Rule 4, Supreme Court Rules Governing Section 2254 Cases in the United States District Courts, the Petition has been reviewed to determine its sufficiency, and Petitioner has responded to a show cause Order with respect to the issue of exhaustion of state remedies. For the following reasons, it is recommended that the action be dismissed without prejudice for failure to exhaust available state remedies.

1

In his Petition, Petitioner challenges his conviction for Indecent Acts with a Child Under Sixteen (16) entered in the District Court of Oklahoma County, Case No. CF-2014-5800, for which he is serving a 25-year term of imprisonment. Petitioner has asserted five grounds for habeas relief in the Petition. He alleges in ground one that the State presented insufficient evidence to convict him of the offense because there was no corroborating forensic or scientific evidence admitted during his trial. In ground two, Petitioner alleges that the state statute under which he was convicted is unconstitutionally void and vague on its face or as applied to him.

Petitioner alleges that he raised these two claims in his direct appeal to the Oklahoma Court of Criminal Appeals ("OCCA"). Petitioner has attached to the Petition a copy of the OCCA's opinion in his appeal. In that summary opinion entered October 26, 2016, the OCCA rejected Petitioner's claims that (1) insufficient evidence was presented at his trial to support the conviction and (2) Okla. Stat. tit. 21, § 1123 "is unconstitutional on its face or it is unconstitutional as applied generally." Petition, att. 1 <u>Crowder v. State</u>, No. F-2016-26 (Okla. Crim. App. Oct. 26, 2016)(unpublished summary op.)).

In ground five, Petitioner asserts that he "was convicted in state court proceedings for a crime in which he is factually innocent and due to this U.S.

Constitutional infirmity a fundamental miscarriage of justice has occurred in violation of the V, VI, VIII and XIV Amendments to the United States Constitution." Petition, at 4-5. Because there are no claims asserted in the Petition that are subject to the procedural default or abuse of the writ rules and there is no apparent limitations issue, Petitioner has no obligation to demonstrate cause for a procedural default or other exception to a procedural bar. Cf. McQuiggin v. Perkins, __ U.S. __, 133 S.Ct. 1924, 1935 (2013)(habeas petition asserting a credible claim of actual innocence may overcome the one-year statute of limitations prescribed in 28 U.S.C. §2244(d)(1)); Herrera v. Collins, 506 U.S. 390, 404-05 (1993)(recognizing that a prisoner "otherwise subject to defenses of abusive or successive use of the writ [of habeas corpus] may have his federal constitutional claim considered on the merits if he makes a proper showing of actual innocence"); Murray v. Carrier, 477 U.S. 478, 496 (1986)("[W]e think that in an extraordinary case, where a constitutional violation has probably resulted in the conviction of one who is actually innocent, a federal habeas court may grant the writ even in the absence of a showing of cause for the procedural default.").

Even if Petitioner could bring a stand-alone actual innocence claim, Petitioner has not asserted that new evidence discovered after his trial supports his actual innocence claim. See Schlup v. Delo, 513 U.S. 298, 324 (1995)(in order to present

"credible" claim of actual innocence, petitioner must support claim of constitutional error with "new reliable evidence – whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence – that was not presented at trial"). In support of his actual innocence claim, Petitioner relies, in part, on his own affidavit attached to the Petition in which he asserts his innocence. However, Petitioner knew of the facts contained in this affidavit prior to his trial. This evidence is therefore not new and does not support a claim of actual innocence under the exception recognized in Schlup. Moreover, Petitioner has not shown that "in light of the new evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt." Id. at 329.

Petitioner also supports the actual innocence claim by referring to the arguments he presents in grounds one and two. Consequently, it is assumed that Petitioner is attempting in ground five to raise the same issues he raises in grounds one and two. With this assumption, the claim has been exhausted by raising it in his direct appeal.

Petitioner clearly admits in the Petition that he is raising two additional claims that have not been exhausted in state court proceedings. In ground three, Petitioner asserts that he "was prejudiced by ineffective assistance of trial counsel, in violation of the V, VI, and XIV Amendments to the United States Constitution." In ground

four, Petitioner asserts that he "was prejudiced by ineffective assistance of appellate counsel, in violation of the V, VI, and XIV Amendments to the United States Constitution."

As to the unexhausted Sixth Amendment grounds, Petitioner asserts in the Petition that he should be allowed to "bypass" the exhaustion requirement because he had "duel [sic] counsel and . . . Appellate Counsel surely would not raise ineffective assistance of trial counsel against himself in the appeal." Petition, at 4. No such exception to the exhaustion requirement exists.

Pursuant to 28 U.S.C. § 2254(b)(1)(A), a state prisoner must exhaust available state judicial remedies prior to seeking federal habeas relief. "In other words, the state prisoner must give the state courts an opportunity to act on his claims before he presents those claims to a federal court in a habeas petition." O'Sullivan v. Boerckel, 526 U.S. 838, 842 (1999). See Woodford v. Ngo, 548 U.S. 81, 92 (2006); Duncan v. Henry, 513 U.S. 364, 365 (1995)(*per curiam*); Rose v. Lundy, 455 U.S. 509 (1982).

A federal habeas petition containing one or more unexhausted claims is ordinarily subject to dismissal unless exhaustion would have been futile because either "there is an absence of available State corrective process" or "circumstances exist that render such process ineffective to protect the rights of the applicant." 28

5

U.S.C. § 2254(b)(1)(B). Under Rule 4, Rules Governing Section 2254 Cases, the Court may *sua sponte* dismiss a petition for failure to exhaust state court remedies when it is "clear from the face of [the] petition." Allen v. Zavaras, 568 F.3d 1197, 1202 (10th Cir. 2009). See Odum v. Boone, 62 F.3d 327, 333 n. 2 (10th Cir. 1995)("We agree with the magistrate judge's conclusion that a court may raise the defense of nonexhaustion sua sponte.").

In an Order entered January 26, 2017 (Doc. # 7), Petitioner was directed to show cause as to why his § 2254 habeas action should not be dismissed without prejudice due to his failure to exhaust available state remedies as to all of the claims prior to filing the action. Petitioner was also advised that he may advise the Court in his response to the Order whether or not he wishes to dismiss his unexhausted claims and proceed only with the exhausted claims.

In a responsive pleading filed February 26, 2017 (Doc. # 8), Petitioner again asserts that the Court should review the merits of his admittedly unexhausted claims in this habeas proceeding. In the alternative, Petitioner seeks a stay and abeyance of federal habeas review in order to allow him to exhaust his unexhausted claims.

An unexhausted federal habeas petition is ordinarily subject to dismissal unless exhaustion would have been futile because either "there is an absence of available State corrective process" or "circumstances exist that render such process

ineffective to protect the rights of the applicant." 28 U.S.C. § 2254(b)(1)(B). Petitioner has available state judicial remedies for exhausting his claims under Oklahoma's Post-Conviction Procedure Act, Okla. Stat. tit. 22, § 1080 et seq. See Scott v. Franklin, 122 Fed. App'x 980, 983 (10th Cir. 2005)(unpublished op.)("Oklahoma has no time limit on initial post-conviction habeas proceedings for non-capital offenses); Okla. Stat. tit. 22, § 1080 (specifying no time limit for filing initial post-conviction application). Petitioner has not demonstrated that requiring him to exhaust his available state judicial remedies would be futile, and it is not appropriate to apply an anticipatory procedural bar where state judicial remedies remain open to Petitioner in the form of a post-conviction application.

In the absence of a showing of futility, federal district courts are prohibited from reviewing "mixed petitions" containing both exhausted and unexhausted claims under Lundy, 455 U.S. at 522 (holding "a district court must dismiss habeas petitions containing both unexhausted and exhausted claims"). However, in Rhines v. Weber, 544 U.S. 269 (2005), the Supreme Court recognized that the enactment of the Antiterrorism and Effective Death Penalty Act ("AEDPA") in 1996 "dramatically altered the landscape for federal habeas corpus petitions" and that state prisoners may lose any opportunity for federal habeas review if their petitions are dismissed on exhaustion grounds and courts strictly enforce the one-year limitation

7

rule prescribed by the AEDPA. Id. at 275 ("As a result of the interplay between AEDPA's 1-year statute of limitations and Lundy's dismissal requirement, petitioners who come to federal court with 'mixed' petitions run the risk of forever losing their opportunity for any federal review of their unexhausted claims."). Consequently, the Court adopted a "stay-and-abeyance" procedure in Rhines under which a district court may, in the exercise of its discretion and in "limited circumstances" in which a petitioner shows good cause for failing to exhaust previously unexhausted claims in state court, stay the habeas action and hold it in abeyance while the petitioner returns to state court to exhaust his previously unexhausted claims. Id. at 275-77.

In considering the propriety of a stay, the Court may consider the merits of the unexhausted claims. Id. at 278. In this case, Petitioner asserts that his trial counsel provided constitutionally ineffective assistance. However, in his Petition Petitioner states that his defense attorney "fairly represented him at Trial," that he is only asserting a Sixth Amendment claim in order not to "waive any of his § 2254 habeas rights or strategies at this time," and that his defense counsel "did his best to defend petitioner, but . . . was faced with an impossible task." Petition, at 13. Petitioner's unexhausted Sixth Amendment claim of ineffective assistance of trial presented in ground three has no merit. With respect to the unexhausted Sixth

Amendment claim of ineffective assistance of appellate counsel presented in ground four, Petitioner has not identified any errors allegedly committed by his appellate attorney, who also represented him at trial. Petitioner's vague statement that "some of his viable appellate rights may have been waived" does not demonstrate a meritorious Sixth Amendment ineffective assistance of appellate counsel claim.

Additionally, the OCCA's opinion was entered in September 2016. The limitations period prescribed in 28 U.S.C. § 2244(d) does not present any obstacle to the filing of a habeas petition following exhaustion of Petitioner's available state remedies. Therefore, Petitioner is not entitled to a stay under Rhines.

As it is clear from the face of the Petition that Petitioner has not satisfied the exhaustion requirement as to all of the claims asserted in the Petition, the Petition should be dismissed without prejudice for failure to exhaust available state remedies. See Allen v. Zavaras, 568 F.3d 1197, 1202 (10th Cir. 2009)(affirming district court's sua sponte dismissal of habeas action for failure to exhaust where nonexhaustion is "clear from the face of the petition").

## RECOMMENDATION

Based on the foregoing findings, it is recommended that the Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 be DISMISSED without prejudice. Petitioner is advised of his right to file an objection to this Report and

Recommendation with the Clerk of this Court by      March 13th , 2017, in accordance with 28 U.S.C. § 636 and Fed. R. Civ. P. 72.  The failure to timely object to this Report and Recommendation would waive appellate review of the recommended ruling.  Moore v. United States of America, 950 F.2d 656 (10th Cir. 1991); cf. Marshall v. Chater, 75 F.3d 1421, 1426 (10th Cir. 1996)("Issues raised for the first time in objections to the magistrate judge's recommendations are deemed waived.").

This Report and Recommendation disposes of all issues referred to the undersigned Magistrate Judge in the captioned matter, and any pending motion not specifically addressed herein is denied.

ENTERED this    21st    day of    February   , 2017.

*Gary M. Purcell*
GARY M. PURCELL
UNITED STATES MAGISTRATE JUDGE